IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

JOHN YARBROUGH, )
)
       Plaintiff, )
vs. ) Case No.
)
THE SCOULAR COMPANY )
)
       Defendant. )
)

## COMPLAINT

Plaintiff John Yarbrough, by and through counsels Arthur E. Rhodes and Dustin L. DeVaughn of DeVaughn James Injury Lawyers, and for Plaintiff's claims against the Defendant, alleges and states:

## PARTIES

1. Plaintiff is a citizen and resident of Pratt, Pratt County, Kansas.

2. Defendant, The Scoular Company ("Scoular"), is a Kansas Foreign For Profit Company that is incorporated in the State of Nebraska and has its principal place of business in Nebraska. It may be served through the Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

## VENUE AND JURISDICTION

3. This Court has proper venue and jurisdiction over the persons and subject matter.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## **NEGLIGENCE**

5. Defendant Scoular is liable for the negligence of its officers, employees and/or agents under the legal doctrines of vicarious liability and *respondeat superior*.

6. All events herein described occurred on or about July 9, 2019.

7. Plaintiff, who was employed by Pratt Energy, LLC, was working at Defendant, Scoular's grain receiving facility at 10333 NE 30th Street, in Pratt, Kansas.

8. Due to Pratt Energy's security camera not working, Plaintiff was tracing security camera conduit lines located on Scoular's grain bin #1 based on information provided by Scoular that an Information Technology ("IT") contractor had made changes to the network in Scoular's grain receiving control room.

9. Plaintiff and another worker, Gabe Hazen, had ascended to the top of Scoular's grain bin #1 by elevator.

10. Plaintiff and Gabe Hazen descended several outside platform levels by way of ladders, and then entered the second level platform inside Scoular's grain receiving building.

11. The lighting on the floor level where the injury incident happened was not functioning. If the lighting was functioning, the lights were simply turned off, as they were not emitting any light.

12. Neither Plaintiff nor Gabe Hazen observed a platform opening or that the Safety Swing Gate to said opening had been left in the "open" position.

13. As Plaintiff proceeded forwarded while following the electrical conduit line above his head, he fell through the second level platform opening and plummeted approximately 28 feet to the platform outside of Scoular's grain receiving control room (hereafter, the "Injury Incident").

14. Defendant, Scoular was negligent by:

    a. Allowing the Safety Swing Gate identified above to remain the same color as the adjacent work platform and railing rather than changing it to a readily visible yellow color;

    b. Failing to properly maintain the Safety Swing Gate so that it would function properly;

    c. Allowing the Safety Swing Gate to remain in the "open" position on the day of the Injury Incident;

    d. Failing to properly maintain and/or operate the lighting in the area where the Injury Incident occurred;

    e. Allowing the Safety Swing Gate to remain in a defective and dangerous condition for a lengthy period of time of up to approximately five (5) years;

    f. Failing to take reasonable measures to warn workers of the dangerous condition(s) that existed due to poor lighting and/or a defective Safety Swing Gate that was poorly maintained and painted; and

    g. Failing to take all reasonable steps to correct dangerous conditions and protect workers from fall hazards.

15. Defendant, Scoular's negligence directly and proximately caused Plaintiff's fall and his injuries.

16. The hazardous conditions that existed at Defendant Scoular's facilities were present for such a length of time that it knew or should have known of their existence. Because of the severity of the risk associated with the hazardous conditions present, this constitutes willful and/or wanton conduct, such that punitive damages are appropriate.

17. Defendant Scoular's conduct before, at the time of, and after the Injury Incident satisfies all the requirements necessary for an award of punitive damages pursuant to K.S.A. 60-3701, *et seq.,* including but not limited to Scoular's authorization and/or ratification of the willful and/or wanton conduct that caused Plaintiff's fall and injuries.

18. As a result of defendant's negligence, plaintiff sustained serious bodily injury, medical expenses, lost wages and has incurred non-economic damages such as pain and suffering. Furthermore, plaintiff reasonably expects to incur future medical expenses, future lost wages and future non-economic damages such as pain and suffering.

WHEREFORE, Plaintiff prays for judgment against defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), for punitive damages, costs herein, and for such other and further relief as the Court deems just and equitable.

> Respectfully submitted,
>
> DeVaughn James Injury Lawyers
>
> By: /s/ Arthur E. Rhodes
> Arthur E. Rhodes, #17661
> Dustin L. DeVaughn #16559
> arhodes@devaughnjames.com
> ddevaughn@devaughnjames.com
> 3241 N Toben
> Wichita, KS 67226
> Tel: (316) 977-9999
> Fax: (316) 425-0414
> *Attorney for Plaintiff*

## **DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL**

Plaintiff demands a pretrial conference and a trial by jury of eight (8) persons in this matter.

## **DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

> DeVaughn James Injury Lawyers
>
> By: /s/ Arthur E. Rhodes
> Arthur E. Rhodes, #17661
> Dustin L. DeVaughn #16559
> arhodes@devaughnjames.com
> ddevaughn@devaughnjames.com
> 3241 N Toben
> Wichita, KS 67226
> Tel: (316) 977-9999
> Fax: (316) 425-0414
> *Attorney for Plaintiff*